## COURT OF COMMON PLEAS HENRY COUNTY, OHIO

JASCHA CHIAVERINI
10-351 COUNTY ROAD O-3
NAPOLEON, OH 43545
    Plaintiff(s)

    vs.

CITY OF NAPOLEON
255 W RIVERVIEW AVENUE
NAPOLEON, OH  43545
    Defendant(s)

CASE NO. 17CV0126



**SUMMONS ON COMPLAINT**

TO THE ABOVE NAMED DEFENDANT:

    You have been named a defendant in a complaint filed in the Henry County Common Pleas Court, Courthouse, 660 N. Perry St., Napoleon, Ohio 43545.

    A copy of the complaint is attached.

    You are required to appear and defend this action by serving an answer to the complaint on the Plaintiff's attorney or on the Plaintiff if (s)he has no attorney. Your answer must be served within twenty-eight (28) days after the service of this summons. A copy of your answer must also be filed with this court within three (3) days after service on the Plaintiff's attorney of the Plaintiff.

    The Plaintiff's attorney is:    MATTHEW O HUTCHINSON
    SHINDLER NEFF LLP
    6135 TRUST DRIVE SUITE 115
    HOLLAND, OH  43528

*Connie L Schnitkey /AH*
CONNIE L SCHNITKEY, Clerk Common Pleas Court

November 17, 2017
(Rule 4- 1970 Ohio Rules of Civil Procedure)

By _____

_____ AH
    Deputy

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### RETURN

**THE STATE OF OHIO, HENRY COUNTY:**

Received this writ on _____ , at _____ o'clock _____ m.

On _____ , I served _____

I was unable to serve for the following reason _____

I made residence service by leaving with _____

    ☐ Henry County Sheriff    ☐ Foreign Sheriff    ☐ Process Server

Served By    SEE ATTACHED RETURN

FEES

S & R _____
MILEAGE _____
POSTAGE _____
DOCKET _____

_____

_____

TOTAL _____



EXHIBIT
1



IN THE COURT OF COMMON PLEAS OF HENRY COUNTY, OHIO
GENERAL DIVISION

| | |
|---|---|
| Jascha Chiaverini<br>10-351 County Road O-3<br>Napoleon, OH 43545<br><br>and<br><br>Chiaverini, Inc.<br>125 E. Maumee Ave.<br>Napoleon, Ohio 43545<br><br>       Plaintiffs<br><br>-vs.-<br><br>City of Napoleon<br>255 W. Riverview Avenue<br>Napoleon, Ohio 43545<br><br>and<br><br>Nicholas Evanoff, as an individual<br>310 Glenwood Ave.<br>Napoleon, Ohio 43545<br><br>and<br><br>David Steward, as an individual<br>310 Glenwood Ave.<br>Napoleon, Ohio 43545<br><br>and<br><br>Jamie Mendez, as an individual | Case No. 17 CV 0126<br><br>Judge<br><br>**COMPLAINT**<br>**WITH JURY DEMAND**<br>**ENDORSED HEREON**<br><br>Matthew O. Hutchinson (#0076345)<br>SHINDLER NEFF LLP<br>6135 Trust Drive, Suite 115<br>Holland, OH 43528<br>(419) 243-6281<br>mhutchinson@shindlerneff.com<br>Attorney for Plaintiff |

310 Glenwood Ave.
Napoleon, Ohio 43545

and

Robert Weitzel, as an individual
310 Glenwood Ave.
Napoleon, Ohio 43545

and

David Hill
413 Rohrs Street
Napoleon, Ohio 43545

and

Christina Hill
413 Rohrs Street
Napoleon, Ohio 43545

and

John Doe, unknown persons

      Defendants

Plaintiffs, Jascha Chiaverini and Chiaverini, Inc., state for their

Complaint against the City of Napoleon, Nicholas Evanoff, David Steward,

Jamie Mendez, Robert Weitzel, David Hill, and Christina Hill as follows:

1. Plaintiff, Jascha Chiaverini, is an individual who resides at 10-351
   County Road O-3, Napoleon, Ohio 43545.

2. Chiaverini, Inc., d/b/a the Diamond and Gold Outlet, is an Ohio
   corporation, with its principle place of business located at 125 E.
   Maumee Avenue, Napoleon, Ohio 43545.

3. Mr. Chiaverini is a manager at the Diamond and Gold Outlet, a retail jewelry store, which has its principle place of business located at 125 E. Maumee Avenue, Napoleon, Ohio 43545. The Diamond and Gold Outlet is owned and operated by Chiaverini, Inc., an Ohio Corporation.

4. Defendants, Nicholas Evanoff, David Steward, and Jamie Mendez, were, at all times relevant, police officers, employed by Defendant, City of Napoleon. Defendant, Robert Weitzel, was, at all times relevant, employed by Defendant, City of Napoleon, as the Chief of Police. Although this action is filed against Defendants Evanoff, Stewart, Mendez, and Weitzel in their individual capacities, the acts set forth herein were committed by said Defendants in their capacities as Napoleon Police Officers.

5. Defendants, David Hill and Christina Hill, are married individuals that reside at 413 Rohrs Street, Napoleon, Ohio 43545.

6. At all times relevant, all Defendants acted under color of law.

### Summary of the Facts

7. Plaintiffs incorporate paragraphs 1 through 6 as if stated herein.

8. On, or about, December 2, 2016, Defendant Evanoff, filed a criminal complaint in the Napoleon Municipal Court charging Mr. Chiaverini with one count of money laundering, which he claimed was an alleged violation of Ohio Revised Code 1315.55(A)(1), a felony of the third degree, licenses requirements under Ohio's precious metals dealers act,

which was an alleged violation of Ohio Revised Code 4782.02, a misdemeanor of the first degree, and receiving stolen property, an alleged violation of Ohio Revised Code 2913.51(A), a misdemeanor of the first degree. On December 8, 2012, Defendant Evanoff filed an additional criminal complaint in the Napoleon Municipal Court charging Mr. Chiaverini with a second count of money laundering, which he claimed was a violation of Ohio Revised Code 1315.55(A)(3), a felony of the third degree.

9.   Defendant Evanoff arrested Mr. Chiaverini on, or about, December 2, 2016, and incarcerated Mr. Chiaverini at the Corrections Center for Northwest Ohio (CCNO) for four days without bail. While incarcerated, Mr. Chiaverini was strip-searched, deprived of his liberty, and later injured.

10.  The criminal complaints pertained to a November 16, 2016 transaction, whereby the Diamond and Gold Outlet had purchased a men's ring and a diamond earring from Brent T. Burns for $45. The Diamond and Gold Outlet intended to scrap the ring and earring for approximately $56.

11.  At all times relevant to the transaction at issue, Mr. Chiaverini was acting in his capacity as the manager of Chiaverini, Inc. d/b/a the Diamond and Gold Outlet.

12. Defendant Burns represented that he was the owner of the men's ring and diamond earring.

13. In compliance with the Diamond and Gold Outlet's policies and procedures, which exceed State of Ohio and other governmental standards, Mr. Chiaverini required Defendant Burns to execute a store buy card and provide a copy of his driver's license. Mr. Chiaverini photographed the ring and earring pursuant to its policy.

14. Later on November 16, 2016, Defendants, David Hill and Christina Hill, contacted the Diamond and Gold Outlet and spoke to Mr. Chiaverini about a ring David Hill claimed had been stolen.

15. David Hill contacted the Diamond and Gold Outlet two more times inquiring about the purportedly stolen ring.

16. Because Defendant Hill had not yet reported the ring stolen, Mr. Chiaverini advised Defendant Hill to make an appropriate report to the Napoleon Police Department.

17. When David Hill refused to initiate a police report, Mr. Chiaverini contacted the Napoleon Police Department to request assistance since David Hill was claiming the ring was stolen.

18. Defendant Evanoff and Defendant Steward responded to the Diamond and Gold Outlet and initiated an investigation.

19. On November 17, 2016, Defendant Steward, and purportedly Defendant Weitzel, executed a letter to the Diamond and Gold Outlet stating that they believed the ring and earring in question were stolen.

20. In the November 17, 2016 letter, Defendant Weitzel and Defendant Steward requested that the Diamond and Gold Outlet "hold this item as in [Ohio Revised Code] 4727.12[1] states, [sic] as evidence of the crime of Theft."

21. In the November 17, 2016 letter, Defendant Weitzel and Defendant Steward further requested, "Please accept this letter as the official request for retaining the items that are confirmed to be stolen and the rightful owner being David Hill, 413 Rohrs Street, in Napoleon, Ohio 43545."

22. In the November 17, 2016 letter, Defendant Weitzel and Defendant Steward, further stated, "Please release these items to David or Christina Hill."

23. On, or about, November 17, 2016, Defendant Christina Hill came to the Diamond and Gold Outlet and demanded the return of the ring and earring in question. Mr. Chiaverini, as the agent for the Diamond and Gold Outlet, declined to return the ring citing the November 17, 2016 letter from Defendants Weitzel and Steward instructing the Diamond and Gold Outlet to hold the items.

---

[1] Ohio Revised Code 4727.12 pertains to pawnbrokers, not precious metals dealers. Ohio Revised Code 4728.01, *et seq.* pertains to precious metals dealers.

24. When Mr. Chiaverini, as an agent for the Diamond and Gold Outlet, declined to return the items, Defendants Evanoff and Stewart were summoned to the Diamond and Gold Outlet.

25. Defendants Evanoff and Stewart advised that if the Diamond and Gold Outlet agreed to relinquish the ring and earring in question, it would be treated as a "co-victim."

26. Concerned that Ohio Revised Code 4728.09 and the November 16, 2017 letter had ordered the Diamond and Gold Outlet to hold the items, Mr. Chiaverini, on behalf of the Diamond and Gold Outlet, requested the advice of attorney, George Rogers, the then-attorney for the Diamond and Gold Outlet. Defendants Evanoff and Stewart refused to stay to talk to attorney Rogers, and left.

27. Mr. Hill refused to initiate a police report against Mr. Burns because he has a familial relationship with Mr. Burns.

28. Further, Mr. Hill has never filed a civil lawsuit seeking to recover the ring and earring that he claims belong to him.

29. On, or about, December 2, 2016, Defendant Evanoff executed an affidavit in support of his request for a search warrant from Judge Amy Rosebrook of the Napoleon Municipal Court.

30. Defendant Evanoff did not consult with the Napoleon City Law Director or Henry County Prosecutor prior to requesting the search warrant.

31. Based upon information and belief, the policies and procedures of the Napoleon City Law Director and/or Henry County Prosecutor require officers to consult with a prosecuting attorney prior to seeking a search warrant.

32. Defendant Evanoff averred, among other claims, that Mr. Chiaverini and/or the Diamond and Gold Outlet had committed the offenses of receiving stolen property, an alleged violation of R.C. 2913.51, precious metals dealers license requirements, an alleged violation of R.C. 4728.02, money laundering, an alleged violation of 1315.55, and engaging in a corrupt activity, an alleged violation of R.C. 2923.32.

33. Ohio Revised Code 2923.31(I)(2)(c), which defines "corrupt activities," provides that theft offenses, pursuant to Ohio Revised Code 2913.02, and receiving stolen property offenses, pursuant to Ohio Revised Code 2913.51, are only "corrupt activities," if the value of the property exceeds one thousand dollars.

34. Defendant Evanoff averred in the criminal complaint he filed against Mr. Chiaverini that the value of the property was $350, so according to Defendant Evanoff, under oath, the value of the property did not exceed one thousand dollars.

35. Defendant Evanoff knew, or should have known, that the definition of corrupt activity pursuant to Ohio Revised Code 2923.31(I)(2)(c)

required that the property at issue have a value exceeding one thousand dollars.

36. As such, Defendant Evanoff knew, or should have known, that he did not have probable cause for the money laundering and engaging in corrupt activity claims because the property did not have a value exceeding one thousand dollars.

37. Defendant Evanoff's claims that the Diamond and Gold Outlet and/or Mr. Chiaverini had committed money laundering and engaging in corrupt activity were false and misleading.

38. Defendant Evanoff further concealed from Judge Rosebrook the November 17,2016 letter advising the Diamond and Gold Outlet to hold the ring and earring in question and otherwise failed to notify Judge Rosebrook as to the existence of the letter.

39. By concealing the November 17, 2016 letter, Defendant Evanoff intentionally misled Judge Rosebrook, and or acted with a conscious disregard that his affidavit would have a tendency to mislead Judge Rosebrook.

40. Defendant Evanoff did not have probable cause that the Diamond and Gold Outlet and/or Mr. Chiaverini possessed stolen property because the November 17, 2016 letter from Defendants Weitzel and Stewart had specifically requested that the Diamond and Gold Outlet hold the items at issue.

41. Defendant Evanoff did not otherwise have probable cause for the receiving stolen property claim against the Diamond and Gold Outlet and/or Mr. Chiaverini.

42. The November 17, 2016 letter was clearly exculpatory or contained information that would have impeached the claims in Defendant Evanoff's affidavit, and was relevant to Judge Rosebrook's consideration of Defendant Evanoff's request for a search warrant.

43. Had Officer Evanoff disclosed the existence of the November 17, 2016 letter, a reasonable judge would not have issued the search warrant.

44. As such, Defendant Evanoff did not provide Judge Rosebrook with a full and fair disclosure of all the material facts.

45. Pursuant to Ohio Revised Code 4728.01, a "precious metals dealer" is defined as "a person who is engaged in the business of purchasing articles made of or containing gold, silver, platinum, or other precious metals or jewels of any description *if, in any manner, including any form of advertising or solicitation of customers, the person holds himself, herself or itself out to the public as willing to purchase such articles*."

46. Mr. Chiaverini, in his individual capacity, does not purchase precious metals or jewels from the public.

47. Defendant Evanoff knew, or should have known, that Mr. Chiaverini, in his individual capacity, did not purchase precious metals or jewels from the public.

48. As such, Defendant Evanoff did not have probable cause that Mr. Chiaverini, in his individual capacity, did not violate Ohio's precious metals dealers license requirements.

49. Defendant Evanoff knew, or should have known, that he did not have probable cause that Mr. Chiaverini, in his individual capacity, violated Ohio's precious metals dealers license requirements.

50. At all times relevant, the Diamond and Gold Outlet did not advertise, solicit customers, or hold itself out to the public as willing to purchase precious metals.

51. Defendant Evanoff knew, or should have known, that the Diamond and Gold Outlet had not, at all times relevant, advertised, solicited, or held themselves out to the public as willing to purchase precious metals.

52. As such, Defendant Evanoff did not have probable cause that the Diamond and Gold Outlet had violated Ohio's precious metals dealers license requirements.

53. Defendant Evanoff knew, or should have known, he did not have probable cause for the precious metals dealers license violation claim against the Diamond and Gold Outlet.

54. Further, Ohio Revised Code 4728.11, provides that a person is exempt from license requirements if the person is engaged in a retail jewelry or silverware business, has a valid vendor's license, maintains a fixed place of business in Ohio, and where the total value of the person's purchases from the public represents less than 25% of the person's total retail sales.

55. The Diamond and Gold Outlet is exempt from having to maintain a precious metals dealers license because its purchases from the public does not exceed 25% of its total retail sales and it otherwise qualifies for the exemption.

56. Defendant Evanoff knew or should have known that he did not have probable cause for the license requirements claim because the Diamond and Gold Outlet is exempt from the license requirements.

57. Defendant Evanoff and Defendant Mendez unreasonably relied upon information from the Ohio Department of Finance indicating the Diamond and Gold Outlet did not have a precious metals dealers license, but Defendant Evanoff and Defendant Mendez never inquired as to whether the Diamond and Gold Outlet *was required* to have a license.

58. Defendant Evanoff further acted without jurisdiction in investigating and filing the license requirement claims because, pursuant to Ohio Revised Code 4728.05 and 4728.10, the superintendent of finance has

jurisdiction to investigate matters pursuant to Ohio Revised Code 4728.01, *et seq.*

59. Defendant Evanoff knew, or should have known, that the superintendent of finance has jurisdiction to investigate and file license requirement claims.

60. Further, Mr. Chiaverini, on behalf of the Diamond and Gold Outlet, had previously complained to Defendant City of Napoleon about other precious metals dealers advertising in the area without a precious metals dealers license.

61. Defendant City of Napoleon advised that the Napoleon Police Department did not have jurisdiction to investigate precious metals dealers license complaints.

62. As such, Defendant Evanoff knew, or should have known, that he violated the Napoleon Police Department's policy and/or practice that it did not have jurisdiction to investigate and file precious metals dealers license complaints.

63. Based upon information and belief, Defendant Evanoff is, or was, a licensed pawnbroker, or is, or was, a principle in a business entity that was a licensed pawnbroker.

64. Pawnbrokers have similar statutory duties and license requirements, and exemptions, as precious metals dealers.

65. Pursuant to Ohio Revise Code 4728.02, a pawnbroker is not required to obtain a separate precious metals dealers license.

66. As such, Defendant Evanoff has personal knowledge about Ohio's precious metals dealers license requirements beyond his law enforcement training and experience.

67. Because Defendant Evanoff did not have probable cause, and further had concealed the November 17, 2016 letter, the December 2, 2016 search warrant issued by the Napoleon Municipal Court was unlawful.

68. On December 2, 2016, officers of the Napoleon Police Department executed the unlawful search warrant at the Diamond and Gold Outlet, and seized and removed not only the ring and earring in question, but also documents, computers, and other jewelry owned by the Diamond and Gold Outlet.

69. The Defendant officers knew, or should have known, the search warrant was unlawful.

70. On December 2, 2016, Defendant Evanoff, filed in the Napoleon Municipal Court criminal complaints against Mr. Chiaverini, individually, for money laundering, receiving stolen property, and precious metals dealers license requirements.

71. Defendant Evanoff did not consult with the Napoleon City Law Director or Henry County Prosecutor prior to filing the criminal complaints against Mr. Chiaverini.

72. Based upon information and belief, the policies and procedures of the Napoleon City Law Director and/or Henry County Prosecutor require officers to consult with a prosecuting attorney prior to filing a felony criminal complaint.

73. On December 8, 2016, Officer Evanoff filed an additional criminal complaint for money laundering, claiming, in addition to the charges filed on December 2, 2016, that Mr. Chiaverini had violated Ohio Revised Code 1315.55(A)(3).

74. Even though the Henry County Prosecutor was already involved in the pending case, which was scheduled for a pretrial conference that morning, Officer Evanoff did not consult with the prosecuting attorney, nor seek his approval for the additional charge prior to filing the complaint.

75. For the reasons set forth herein as to the search warrant affidavit, Defendant Evanoff, likewise, did not have probable cause to file the criminal complaints for money laundering, precious metals dealers license requirements, and receiving stolen property.

76. As to the precious metals dealers license requirements charge, Defendant Evanoff claimed that Mr. Chiaverini violated "Section 4728.02 of the Ordinances of Napoleon, Ohio."

77. Defendant Evanoff knew, or should have known, that the Napoleon City Ordinances are not numbered beyond 1519, and therefore, that there was no "Section 4728.02 of the Ordinances of Napoleon, Ohio."

78. For the reasons set forth herein as to the precious metals dealers license requirement charge, Defendant Evanoff did not have jurisdiction or authority to file the criminal complaint.

79. Defendant Evanoff did not have probable cause to charge Mr. Chiaverini individually for any of the charges he filed because Mr. Chiaverini, at all times relevant, was merely acting as an agent of the Diamond and Gold Outlet.

80. Defendant Evanoff knew or should have known that he did not have probable cause for the any of the charges he filed against Mr. Chiaverini as an individual.

81. The Criminal Rule 4 document issued by the Napoleon Municipal Court, stated "SUMMONS – WARRANT ON COMPLAINT."

82. Judge Rosebrook further failed to check either, "You MAY issue summons in lieu of arrest... or after arrest" or "You MAY NOT issue summons..."

83. When Defendant Mendez served Mr. Chiaverini with the criminal complaints and the Criminal Rule 4 document, attorney Rogers advised that the Criminal Rule 4 document did not clarify whether it was a "summons" or a "warrant." Defendant Mendez crossed out the

word, "summons" and said that the Criminal Rule 4 document was a "warrant."

84. Mr. Chiaverini was neither a flight risk nor a threat to harm anyone.

85. By comparison, the Defendant police offices only issued a summons for Defendant Burns, who, if Defendants David and Christina Hill are to be believed, committed the theft offense at issue.

86. Defendants Evanoff and Mendez wrongfully arrested and incarcerated Mr. Chiaverini while issuing a mere summons to Defendant Burns.

87. In requesting the search warrant, filing the criminal charges, and arresting Mr. Chiaverini, Defendants City of Napoleon, Evanoff, Stewart, and Mendez unreasonably relied upon a July 20, 2015 law enforcement policy issued by Ron O'Brien, Franklin County Prosecutor, and Richard C. Pfeiffer, Jr., City Attorney for the City of Columbus. That policy pertained to alleged stolen property being held by pawnbrokers.

88. The Franklin County Prosecutor and Columbus City Attorney withdrew the policy after being notified of numerous problems with the policy.

89. Defendants City of Napoleon, Evanoff, Stewart, and Mendez knew, or should have known, that the Franklin County Prosecutor and Columbus City Attorney had withdrawn the policy.

90. On, or about, December 21, 2016, Defendant City of Napoleon returned to the Diamond and Gold Outlet, the computers that were seized. Other items were returned on August 17, 2017. Defendant City of Napoleon, however, refuses to return the police hold letters that were seized during the execution of the unlawful search warrant.

91. On September 26, 2017, Mr. Chiaverini delivered to Defendant City of Napoleon a public records request requesting copies of police hold letters that had been provided to the Diamond and Gold Outlet.

92. As of November 16, 2017, Defendant City of Napoleon has yet to provide any documents in response to the public records request, or otherwise provide a written response.

93. Defendants pursued and continued criminal prosecution of Mr. Chiaverini in retaliation for his lawful refusal, as a manager at the Diamond and Gold Outlet, to comply with their demands to release the ring and earring to Defendant David Hill, even though the November 17, 2016 letter had specifically requested that the Diamond and Gold Outlet hold the items.

94. Defendants aided and abetted one another and conspired together to cause the wrongful search and seizure of Plaintiffs' property, and the arrest, detention, and malicious prosecution of Mr. Chiaverini in violation of Plaintiffs' Constitutional and statutory rights.

COUNT ONE: MALICIOUS PROSECUTION

95. Mr. Chiaverini incorporates paragraphs 1 through 94 as if fully rewritten herein.

96. Defendants acted with malice in instituting and continuing the prosecution of Mr. Chiaverini.

97. Defendants did not have probable cause for the criminal prosecution of Mr. Chiaverini.

98. Because Defendants did not have probable cause for the prosecution, Mr. Chiaverini is entitled to an inference that the proceedings were actuated by malice.

99. As a direct and proximate cause of the wrongful and malicious prosecution, Mr. Chiaverini suffered a deprivation of liberty and incurred damages in excess of $25,000.

100. The criminal proceeding was resolved in Mr. Chiaverini's favor when the Henry County Common Pleas Court dismissed the case against Mr. Chiaverini and later when the prosecuting attorneys decided not to pursue an indictment or further prosecution.

101. Defendant City of Napoleon has recently represented affirmatively that criminal charges will not be further pursued against Mr. Chiaverini or the Diamond and Gold Outlet.

## COUNT TWO: FALSE ARREST
## AND FALSE IMPRISONMENT

102. Mr. Chiaverini incorporates paragraphs 1 through 101 as if fully rewritten herein.

103.    Defendants intentionally arrested and caused the detention of Mr. Chiaverini at CCNO from December 2, 2016 to December 5, 2016.

104.    Said arrest and detention were done without Mr. Chiaverini's consent and without privilege.

105.    As a direct and proximate result of Defendant's wrongful arrest and imprisonment of Mr. Chiaverini, Mr. Chiaverini suffered a deprivation of liberty and he incurred damages in excess of $25,000.

COUNT THREE: 42 U.S.C. Sec.1983

106.    Mr. Chiaverini incorporates paragraphs 1 through 105 as if fully rewritten herein.

107.    Pursuant to 42 U.S.C. Sec. 1983, government and government officials may be held liable for violation of a person's Constitutional and statutory rights.

108.    The Fourth Amendment to the United States Constitution prohibits the government and government officials from pursuing an unlawful search and seizure, and further from pursuing and continuing a malicious prosecution.

109.    The Fourteenth Amendment to the United States Constitution prohibits states and its political subdivisions, and their officials, from pursuing an unlawful search and seizure, and further from pursuing and continuing a malicious prosecution.

110. Defendants made, influenced, and/or participated in the decision to search and seize property from Plaintiffs, and to initiate a criminal prosecution against Mr. Chiaverini, including, but not limited to, arresting Mr. Chiaverini on December 2, 2016, incarcerating him without bail, and filing criminal complaints against him for money laundering, receiving stolen property, and license requirements.

111. Defendants did not have probable cause for search and seizure of Plaintiffs' property, or the criminal prosecution of Mr. Chiaverini.

112. Defendants acted with malice in the search and seizure of Plaintiffs' property, and in pursuing and continuing the criminal prosecution of Mr. Chiaverini, including his unlawful arrest and incarceration without bail.

113. As a direct and proximate cause of Defendants' violation of 42 U.S.C. Sec. 1983, Plaintiffs have incurred damages in excess of $3 million.

COUNT FOUR: CIVIL CONSPIRACY

114. Plaintiffs incorporate paragraphs 1 through 113 as if fully rewritten herein.

115. Defendants acted as a malicious combination to cause injury to Plaintiffs.

116. As a direct and proximate result of Defendants' wrongful conspiracy, Plaintiffs have incurred damages in excess of $25,000.

## COUNT FIVE: CONSPIRACY AGAINST RIGHTS

117. Plaintiffs incorporate paragraphs 1 through 116 as if fully rewritten herein.

118. Defendants violated 18 U.S.C. sec. 241 when they conspired to injure, oppress, threaten, and intimidate Plaintiffs in the exercise of their constitutional rights.

119. Defendants violated 18 U.S.C. sec. 241 by conspiring to injury, oppress, threaten, and intimidate Plaintiffs for exercising their constitutional rights.

120. As a direct and proximate result of Defendants' conspiracy against Plaintiffs' rights, Plaintiffs have incurred damages in excess of $3 million.

## COUNT SIX: DEPRIVATION OF RIGHTS

121. Plaintiffs incorporate paragraphs 1 through 120 as if fully rewritten herein.

122. Defendants violated 18 U.S.C. sec. 242 by, under color of law, willfully subjecting Plaintiffs to the deprivation of constitutional rights, privileges, or immunities.

123. As a direct and proximate result of Defendants' wrongful deprivation of Plaintiffs' rights, Plaintiffs have incurred damages in excess of $3 million.

## COUNT SIX: NO QUALIFIED IMMUNITY

124. Mr. Chiaverini incorporates paragraphs 1 through 123 as if fully rewritten herein.

125. Defendants City of Napoleon, Evanoff, Stewart, Mendez, and Weitzel are not entitled to qualified immunity because they knew or should have known that their actions violated Plaintiffs' clearly-established statutory and constitutional rights.

126. Defendants Weitzel and Stewart specifically requested in their November 17, 2016 letter that the Diamond and Gold Outlet hold the items. The Defendant police officers pursued and continued the criminal prosecution of Mr. Chiaverini because he failed to comply with their demands that he, as a manager of the Diamond and Gold Outlet, return the ring and earring, even though the Defendant police officers knew, or should have known, that Ohio Revised Code 4728.09 and the November 17, 2016 letter specifically directed otherwise.

127. Defendant City of Napoleon and the Defendant police officers knew or should have known that the money laundering claims, receiving stolen property claims, and license requirement claims were not supported by probable cause and knew or should have known that the Franklin County/ City of Columbus policy, upon which they relied, was rescinded.

COUNT SEVEN: REPLEVIN

128. Plaintiffs incorporate paragraphs 1 through 127, as if rewritten herein.

129. Defendant City of Napoleon, through its officers and agents, unlawfully seized property belonging to the Diamond and Gold Outlet.

130. Said property was seized pursuant to an unlawful search warrant.

131. Defendant City of Napoleon has refused to return certain police hold letters that were seized.

132. As a direct and proximate result of Defendant City of Napoleon's wrongful seizure and withholding of the Diamond and Gold Outlet's property, including the continuing withholding of property, the Diamond and Gold Outlet has incurred damages.

COUNT EIGHT: PUBLIC RECORDS REQUEST

133. Plaintiffs incorporate paragraphs 1 through 132, as if fully rewritten herein.

134. Defendant City of Napoleon has willfully failed to provide the public records requested by Mr. Chiaverini and has otherwise failed to provide a written response or explanation for why the requested records have not been provided.

135. As a direct and proximate result of Defendant City of Napoleon's willful failure to respond to Mr. Chiaverini's public records request, Mr. Chiaverini is entitled to a writ of mandamus ordering Defendant City of Napoleon to forthwith provide or make available the requested

documents and, further for statutory damages in the sum of $100 per day since the date of the request.

136.   Mr. Chiaverini is further entitled to an award of reasonable attorneys' fees and costs.

## COUNT NINE: PUNITIVE DAMAGES

137.   Mr. Chiaverini incorporates paragraphs 1 through 136 as if fully rewritten herein.

138.   Punitive damages are appropriate and necessary in this case because Defendants' conduct was willful, intentional, and deliberate, and done with a conscious and reckless indifference to the rights of Mr. Chiaverini.

## COUNT TEN: ATTORNEYS' FEES

139.   Mr. Chiaverini incorporates paragraphs 1 through 138 as if fully rewritten herein.

140.   Attorney fees are appropriate and necessary in this case pursuant to 42 U.S.C. sec 1988.

141.   Attorney fees are appropriate and necessary in this case pursuant to Ohio Revised Code 149.43.

142.   Attorney fees are further appropriate and necessary in this case pursuant to Ohio law.

*WHEREFORE*, Plaintiffs respectfully request that the Court issue judgment against Defendants in an amount exceeding $25,000 for

violations of Ohio law; a judgment against Defendants in an amount exceeding $3 million for the violations of Defendants' civil rights; for an order of replevin ordering Defendant City of Napoleon to return the police hold letters; for an writ of mandamus ordering that Defendant City of Napoleon forthwith provide or make available for inspection, the public records requested by Mr. Chiaverini; for an award of punitive damages; for an award of reasonable attorneys' fees and costs; and for such other relief as the Court may find in law or equity.

SHINDLER NEFF LLP

By: _____

Matthew O. Hutchinson (#0076345)
Attorney for Plaintiff

JURY DEMAND

Plaintiff hereby demands a trial by jury.

_____

Matthew O. Hutchinson (#0076345)
Attorney for Plaintiff

## PRAECIPE

To the clerk:

Please issue a summons and a copy of the foregoing complaint to the sheriff for personal or residential service upon the Defendants at the addresses set forth in the caption pursuant to the Ohio Rules of Civil Procedure.

Matthew O. Hutchinson (#0076345)
Attorney for Plaintiff