IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JASCHA CHIAVERINI, et al., | : | Case No. 3:17-CV-2527 |
| Plaintiffs, | : | |
| v. | : | WITNESS' PRO SE OBJECTION TO THE CALUMNY PUBLISHED BY |
| CITY OF NAPOLEON, et al., | : | TERESA GRIGSBY IN RECORD ITEM 127 |
| Defendants. | : | |
| | : | George C. Rogers (0014100 Pro Se |
| | : | 4048 Tralee Drive Lake Wales, FL 33859 |
| | : | 419-708-3320 |
| | : | georgerogers4321@gmail.com |

On May 12, 2020 Teresa Grigsby published in record item no. 127 in this case defamatory statements regarding George C. Rogers. Although Ms. Grigsby may be protected by absolute privilege to make willfully false and defamatory statements in a judicial proceeding, George C. Rogers will not leave such defamations to be unrebutted in said record.

George C. Rogers resents being drawn into having to respond to another unsubstantiated and facially irrelevant filing in one of Grigsby's trademark attempts to distract from the simple substantive issues in the case. The issue is "Did the City of Napoleon or any of its police officers have probable cause, *at the time of* Jascha Chiaverini's arrest and abortive prosecution, and *at the time* of the seizure and subsequent search of Chiaverini Inc.'s computers have probable cause to believe that *any* crime had been committed by them." They had not conducted any substantive investigation. They had not conducted any investigation as to whether Chiaverini, Inc. or Jascha Chiaverini personally was required to have a precious metal dealer's license. They hadn't asked the question of Jascha Chiaverini, nor to

anyone at the Department of Financial Institutions, nor to George C. Rogers, corporate counsel for Chiaverini, Inc. Indeed upon being informed George Rogers was on his way to the store, the officers immediately left and successfully avoided talking to him. The officers fabricated the statement that Jascha Chiaverini supposedly told them he suspected the ring and earring were stolen at the time of purchase. This statement was clearly rebutted by the facts that when he purchased the jewelry, he photographed them, examined the seller's driver's license, and had the seller sign the written statement that he was the owner of the property. Then, after subsequently receiving a call from other persons claiming to be owners of the property, he called the police to report that fact. The officers altered the police report to include the statement and to change Chiaverini from a victim of the offense, to be a perpetrator to conceal the fact they had no real evidence to establish probable cause. There was never any evidence to establish probable cause for the money laundering offenses.

    Any after the fact investigation belatedly taken after the search, seizure, arrest and prosecution is irrelevant to probable cause.

A. Now in this case Teresa Grigsby, along with the City of Napoleon and its police, did not make any investigation of whether "Chiaverini, Inc." was a "sham" corporation prior to the search, seizure, arrest and prior to termination of the prosecution of Mr. Chiaverini. Such belatedly created "issue" is clearly irrelevant. Also, it is factually not a "sham" corporation, despite Ms. Grigsby's nebulous assertion. She, like her defendant clients, is making unsupported assertions without any investigation. Ms. Grigsby was aware from prior filings in this court and state court that Chiaverini, Inc. is an Ohio Corporation in good standing authorized to sue and be sued in court. Ms. Grigsby was also given the trust documents creating the Chiaverini Trust by Lynett Smith and her placement of her ownership of Chiaverini, Inc. into said Trust to be operated by the Trustee for the benefit of Jascha Chiaverini.

    George Rogers reluctantly, had to attach a further affidavit, to attest to his almost daily supervision of Chiaverini, Inc. Chiaverini, Inc. pays for the phones used by the Diamond & Gold Outlet

store 419-599-1900, Jascha Chiaverini 419-376-6539, and George C. Rogers 419-708-3320. Attached to the affidavit are the phone records of the phone calls during 2019 and 2020 showing virtually daily supervision. These are typical of the yearly calls from 2006 onward. The affidavit attests that from 2006 until moving to Florida in 2017 he was also physically present in the store on average at least twice a week.

B.  Mr. Rogers has intended to be a witness as to the damages portion of this case since he has known Mr. Chiaverini for well over 30 years. However his firsthand knowledge of Chiaverini, Inc. which he incorporated for Vito Chiaverini, and of Jascha Chiaverini also is relevant to the knowledge of Chief Weitzel and others that Chiaverini, Inc. and Mr. Chiaverini would not have knowingly bought a stolen ring and earring for $45.00.

Mr. Rogers attests that from 2006 until 2016 he frequently attended the Symphony of Trees charitable fundraiser, and fundraisers for the Catholic Church and the American Cancer Society Relay For Life, to all of which Chiaverini Inc. donated gold and precious stone jewelry handmade and designed by Jascha Chiaverini for their auctions and sales. Chiaverini, Inc. donated tents for fundraisers for the Henry County Arts Council and the Henry County Historical Society. The annual Symphony of Trees weeklong event is the most important annual social event in Henry County attended by all the local judges, prosecutors, Chief Weitzel, and Napoleon City Council members. Every year Chiaverini, Inc. with the concurrence of Jascha Chiaverini would donate one or two sets of handmade jewelry for its auction. This would not be an anonymous donation. Mr. Chiaverini would stand up and with the auctioneer explain to the audience each of the pieces and their retail value and also add free alterations of such items at the store. His jewelry was almost always the top fundraising item usually between $1,000 and $3,000 dollars. The Symphony of Trees raised money for the Henry County Hospital, The Center for Child & Family Advocacy and the Northwest Ohio CASA. Chiaverini, Inc. also donated jewelry to other charities raising amounts for each from several hundred to a thousand dollars. Chief Weitzel and others knew, or

had to know, it was preposterous for Jascha Chiaverini to use Chiaverini, Inc. to try to "steal" $45.00 worth of jewelry. Any failure to know the assertion was preposterous would have to be due to a willful lack of investigation.

/s/George C. Rogers
George C. Rogers

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Objection was served this 12th day of June on Teresa Grigsby, Matt Hutchinson, Mike Stahl, and William Stevenson by the Court's electronics filing system.

/s/George C. Rogers
George C. Rogers