## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **JASCHA CHIAVERINI,** *et al.*, | * | Case No.:  3:17cv2527 |
| | * | |
| Plaintiff, | * | Judge Jeffrey Helmick |
| | * | |
| vs. | * | **DEFENDANTS' OPPOSITION TO NON-** |
| | * | **PARTY FACT WITNESS GEORGE** |
| **CITY OF NAPOLEON,** *et al.*, | * | **ROGERS' "PRO SE OBJECTION TO** |
| | * | **THE CALUMNY PUBLISHED BY** |
| Defendants. | * | **TERESA GRISGBY IN RECORD ITEM** |
| | * | **127" AND ITS EXHIBITS** |
| | * | |

\* \* \* \* \* \* \* \*

Defendants oppose any consideration of George Rogers' "Pro Se Objection to the Calumny Published by Teresa Grigsby in Record Item 127" (Doc. #129) and its Exhibits, including the June 2020 Affidavit of George Rogers[1] (Doc. #129-1) and his phone records (Doc. #129-2) (all together, "Objection"). The Objection was improperly filed by a fact witness who is not an attorney of record, is untimely, and constitutes an improper sur-reply to Defendants' Motion to Strike Rogers' Affidavit. (Doc. #108) The sham "defamation" objection Rogers presents is a pretense to give Rogers entrée into the case to advocate for Plaintiffs on substantive legal issues. Rogers' ploy should be recognized for what it is, and his Objection, including its Exhibits, should be disregarded and not considered by the Court for any purpose.

---

[1] This should not be confused with the February 26, 2020 Affidavit of George Rogers (Doc. #102-19), which is the subject of Defendants' separate Motion to Strike (Doc. #108), which is fully-briefed and decisional.

I.      **Rogers' Objection Was Improperly Filed by a Non-Party Fact Witness Who Is Not an Attorney of Record.**

Because controversy regarding Rogers and his filings is not new to this case, Defendants will briefly recap the history of his involvement:

In late 2018, Rogers entered an appearance as one of Plaintiffs' attorneys. (Doc. ##26, 28) Simultaneously with his entry of appearance, Rogers filed an unsupported and inflammatory Motion to Quash and Motion to Admonish defense Attorney Teresa Grigsby. At the time, Rogers accused Attorney Grigsby of various unsubstantiated wrongdoing, including purported abuse of process and defamation of Rogers. (Doc. #27) The Court rejected Rogers' accusations, and denied the Motion to Quash in its January 30, 2019 Order.  (Doc. #57)

In early 2019, Defendants moved to disqualify Rogers as counsel because he is a fact witness in this case, having been identified as such on the Fed.Civ.R. 26(a)(1)(A) disclosures of both Plaintiffs and Defendants. (Doc. ##49, 49-1, 49-2) *See, also,* Ohio Rule of Professional Conduct 3.7. Although Plaintiffs initially opposed this Motion (Doc. #56), Rogers ultimately filed a voluntary Notice of Withdrawal (Doc. #59) as counsel on February 22, 2019, acknowledging that he is a fact witness and stating that his "assistance as legal counsel is no longer necessary." He apologized to the Court for "not having reached such conclusion sooner."[2]

After Rogers voluntarily withdrew as Plaintiffs' counsel nearly 16 months ago, attorneys Michael Stahl and William Stephenson entered an appearance and joined Matthew Hutchinson as attorneys of record for Plaintiffs. On January 3, 2020, Defendants filed their summary judgment motion. Plaintiffs opposed the motion and, with their opposition, submitted an affidavit from

---

[2] Rogers' name still appears (with a note of his termination as counsel) on the Court's docket, which perhaps is how he was able to use the Court's electronic system to file a document as a non-party fact witness in this case.

2

Rogers dated February 26, 2020. (Doc. #102-19) Rogers' affidavit was littered with improper and inadmissible evidence, which required Defendants to file a motion to strike it. (Doc. #108) Plaintiffs opposed the motion to strike on April 28, 2020 (Doc. #124), and the motion became decisional on May 12, 2020, when Defendants filed their reply brief in support. (Doc. # 127)

In sum, this case is being prosecuted for Plaintiffs by attorneys other than George Rogers who have fully addressed both the Motion for Summary Judgment and the motions to strike filed by Defendants. Rogers has not filed a new notice of appearance, obtained leave of court to represent Plaintiffs, or provided the written notices required to allow him to substitute for Plaintiffs' attorneys of record. *See* Local Rule 83.9. To the contrary, Rogers' Objection continues to concede he is a fact witness. Rogers is not entitled to submit evidence or file briefs advocating on the pending motions as a *pro se* fact witness. *See* Local Rule 7.1 (providing for motions filed by a moving party, with oppositions and replies to be filed by parties).

The practical implications of allowing a fact witness to file briefs advocating for a party are troubling for many reasons, but the bottom line is this: Rogers is not an attorney of record, and he is not entitled to make legal arguments for Plaintiffs. Defendants should not have to respond to legal briefs filed on Plaintiffs' behalf from multiple sources. As such, Rogers' Objection must be disregarded.

## II.    The Stated Purpose of Rogers' Objection – to Respond to Purported "Defamation" in Defendants' Reply in Support of Their Motion Strike – Is a Sham.

Rogers asserts his Objection is necessary to respond to "defamatory statements" supposedly made about him in Defendants' Reply in Support of the motion to strike his affidavit. (Doc. #127) But just what statement, exactly, contained in the Reply Brief (or anything else Defendants have filed) is defamatory? Rogers does not say, because there is none. The statements and arguments in Defendants' Reply Brief analyze and comment on evidence in the

3

case (and not Rogers himself), including the contents of Rogers' affidavit submitted with the Opposition to Summary Judgment.

Rogers' February 2020 affidavit (Doc. #102-19) included a narrative purporting to summarize the corporate history of Chiaverini, Inc.  But he did so without establishing that he had personal knowledge of that history, without laying a proper foundation for his statements, and without explaining how his story could be harmonized with the documentary evidence, prior affidavits already in the record, and the decisions of two prior courts which commented on the corporation's history.  Defendants' Reply, as well as their initial Motion to Strike the Rogers affidavit, accurately identified the portions of Rogers' Affidavit which constitute inadmissible evidence. Neither document makes false statements about Rogers personally or otherwise.

Rogers may rightfully have concluded that the submission of an affidavit consisting of inadmissible evidence, which contradicts other evidence including his own prior affidavit and the findings made by two other courts, reflects poorly on him.  But that does not make the briefs pointing out those flaws a calumny. It is true that vast portions of Rogers' February 2020 affidavit consist of improper evidence, and it is not defamatory to say so. Indeed, the fact that Rogers now finds it necessary to file still another affidavit to shore up the February 2020 affidavit by offering additional reasons to assert he has personal knowledge of the history of Chiaverini, Inc. is an admission that the February 2020 affidavit was deficient – just as attorney Grigsby stated from the start.

## III.  Rogers' Arguments, Affidavit and Attached Documents are Improper and Irrelevant.

Rogers' tactic of accusing counsel of defamation whenever the evidence presented by the defense points out flaws in Plaintiffs' case and contradictions in Rogers' own testimony is growing wearisome.  But deploying this strategy is not the only reason Rogers has filed his *pro*

*se* motion. Rogers' second purpose is to advocate for Plaintiffs on legal issues in the case. His most recent June 2020 affidavit (Doc. #129-1) attached to the Objection seeks to add his additional testimony and new documentary evidence to the case, including Rogers' phone records from 2019-2020, which he claims are relevant to the legal issues in the case, and which were not produced by Plaintiffs' attorneys of record during discovery.

Rogers' Objection repeats many of the false themes which Chiaverini has recited during this case, including bogus allegations that the police conducted an improper investigation, fabricated evidence or altered a police report "to conceal the fact they had no real evidence to establish probable cause." No matter how many times they are repeated, these accusations are not true just because Rogers says they are – and Rogers has no personal knowledge and laid no evidentiary foundation to support such speculation. These fictitious theories have been raised in the summary judgment briefs, are negated by the evidence, and have been fully discussed by the attorneys who are authorized to participate in this case. Rogers is not entitled to sully the reputation of the Napoleon Police by making unsupported and false statements as a witness allegedly participating *pro se.* No legal privilege permits him to make false accusations in this case without consequence.

Even if Rogers had a right to insert himself in this case, the only "new" documents he presents are his cell phone records, which he claims show that frequent calls were exchanged between him and Jascha Chiaverini or his place of business. Rogers admits that those records pertain to calls in 2019 and 2020, long after this lawsuit was filed in November 2017. Rogers says nothing about his phone calls with Chiaverini in 2016 when the events in question took place. While Rogers states in his June 2020 Affidavit that he conducted "almost daily" phone calls with Chiaverini in 2017 and 2018, that time period too is irrelevant to the 2016 allegations.

5

The timing of the phone records alone is enough to establish that they have no evidentiary value. But the phone records are irrelevant for substantive reasons too. The fact that phone calls were made says nothing about the content of the conversations which occurred during the calls. Just because Chiaverini and Rogers may have spoken frequently (outside the relevant time period) does not establish that Rogers had personal knowledge of the corporate history of Chiaverini, Inc., or the daily business operations of the Diamond and Gold Outlet – one of the points made in the Motion to Strike.

Nor does Rogers' statement that he visited the Diamond and Gold Outlet approximately twice a week from 2006 until he moved to Florida in 2017 establish any personal knowledge of Chiaverini's business or operations. Rogers provides no evidence or testimony regarding the reason for his visits, how long the visits lasted, what was discussed, or who was present. Simply visiting a business does not per se vest any individual with knowledge of a corporation's history, nor does it establish anything about the business's operations or any other fact related to this case. Moreover, some of the key events which call the legitimacy of Chiaverini, Inc. into question predate that timeframe, having occurred in 2001 and 2004.

Rogers' Objection and the June 2020 affidavit conclude with a discussion of entirely new testimony not provided in Rogers' prior affidavit, nor in the deposition or affidavit of Jascha Chiaverini. The fact that these statements have been offered after the close of discovery and summary judgment briefing is enough to disregard it.  But because it is so entirely improper, Defendants address it briefly. The gist of the testimony is Rogers' speculation that Chiaverini never would have knowingly bought a stolen $45 ring and earring because Jascha has given away other items at charitable events attended by Napoleon officials such as the police chief, municipal judge and prosecutors.  If anything, this "evidence" corroborates what Defendants

6

have said all along -- that is, that Jascha has always represented himself to be the Diamond and Gold Outlet, and that he and the business are one.

Rogers' theory is that Chiaverini's donation of other jewelry at a charity event, invested the police chief, judges, and prosecutors with subjective knowledge that Chiaverini would never knowingly buy a stolen ring and earing for $45. But Rogers cannot testify in an affidavit about the subjective knowledge and internal motivations of Jascha when he bought the stolen property from David Hill – Rogers has no personal knowledge of such matters.  Likewise Rogers has no personal knowledge of the subjective thought processes of the police chief, judges, prosecutors, or others, and his statements on those matters are irrelevant and inadmissible.

Rogers' statements further mischaracterize the nature of the criminal charges and the underlying facts. The real concern in this case was not that Jascha Chiaverini bought the jewelry knowing it to be stolen (although there is evidence to indicate he did), but that he retained it after knowing it was stolen.  Rogers' theory that Jascha had no reason to buy stolen jewelry of little value because he was able to donate jewelry of greater value is a diversion.  It is designed to direct attention away from the fact that the receiving stolen property charge rested in large part on Chiaverini's failure to release the jewelry to the true owners while lacking a precious metals license that would enable him to retain it, as opposed to resting solely on Chiaverini's purchase of the jewelry with knowledge it was stolen.  Plaintiffs have a serious problem in denying that the elements of the criminal charge of receiving stolen property exist when an individual retains property after learning it has been stolen, hence Rogers' desire to direct attention away from Chiaverini's conduct after the purchase by speculating that he lacked criminal motivation at the point of the purchase. Rogers' Objection and affidavit statements on this point cannot be considered.

7

## IV.     Rogers' Objection Is Untimely and Barred by the Court's Local Rules and Case Management Schedule.

Discovery and briefing on all pending motions closed long ago, including as follows:

- The discovery deadline expired over 6 months ago on December 31, 2019 (Doc. #71);

- Briefing on Defendants' Motion to Strike Rogers' Affidavit – which his Objection purports to address - closed over a month ago on May 12, 2020, when Defendants filed their Reply (Doc. #127);

- Briefing on Defendants' Motion for Summary Judgment closed on April 3, 2020, when Defendants filed their Reply (Doc. #107);

- Although Plaintiffs have moved for leave to file a sur-reply on summary judgment (Doc. #110) - which Defendants have opposed (Doc. #112) - briefing on that motion for leave also closed weeks ago on May 1, 2020.

The Court should not reopen briefing, particularly for a filing by a non-party fact witness purporting to make legal arguments on behalf of a represented party.

Even if Rogers had authority to file documents on behalf of Plaintiffs, which he does not, his Objection is an improper and untimely sur-reply which must be disregarded.  *See* Local Rule 7.1; *Baran v. Medical Device Techs. Inc.*, 666 F.Supp.2d 776, n.2 (N.D.Ohio 2009), *aff'd on other grounds and rehearing and rehearing en banc denied at* 616 F.3d 1309 (Fed.Cir. 2010), *cert. denied at* 562 U.S. 1271 (2011). Plaintiffs had every opportunity to place evidence in the record before the discovery deadline expired on December 31, 2019, and thereafter to submit evidence as exhibits to their Opposition to summary judgment. If Rogers believes Plaintiffs failed to place sufficient evidence in the record to avoid summary judgment, he should take that up with Plaintiffs and their counsel. That does not entitle him to file an unauthorized and late sur-reply attempting to belatedly introduce new (meaningless) evidence into the summary judgment record.  *See Chartis Specialty Ins. Co.*, N.D.Ohio No. 1:11 CV 369, 2013 WL 12130642, *4 (March 29, 2013). Rogers' Objection is untimely and should be disregarded.

V.      <u>**Conclusion**</u>

All of this begs the question of why Rogers is so desperate to insert himself into this dispute? Perhaps he is upset that his affidavit has received criticism. Maybe he is frustrated that his role as a fact witness creates a conflict of interest that disallows him to prosecute the case as legal counsel. Or, could it be to distract from the evidence that Jascha's decision not to release the jewelry was based on a flawed misunderstanding – gained from Rogers - that an unlicensed precious metals dealer could refuse to release property determined to be stolen?

Indeed, that is Jascha's testimony in this case. He said in his deposition that he did not release the jewelry after being informed by police that it was stolen because he was relying on discussions with Rogers. (Doc. #98, Deposition of J. Chiaverini, pp. 191-192, 203-204) Given Jascha's testimony that Rogers told him to hold the jewelry and not turn it over to police, and given that by doing so Jascha ultimately was arrested and spent some time in jail, it is not surprising that Rogers would want to remove the focus from Jascha's failure to release the jewelry and redirect it elsewhere, such as to irrelevant charity functions attended by Napoleon officials. Whatever the reasons for submitting the Objection to the Court, however, Rogers' Objection was improperly filed and consists of inadmissible evidence. The Objection and its Exhibits must be disregarded in their entirety and not considered by the Court for any purpose.

Respectfully submitted,

**SPENGLER NATHANSON P.L.L.**

*/s/ Jennifer A. McHugh*
Teresa L. Grigsby (0030401)
Jennifer A. McHugh (0084842)
SPENGLER NATHANSON P.L.L.
900 Adams Street
Toledo, Ohio  43604-5505
Telephone:  (419) 241-2201
Facsimile:  (419) 241-8599

9

tgrigsby@snlaw.com
jmchugh@snlaw.com

*Counsel for Defendants, City of Napoleon,*
*Nicholas Evanoff, David Steward, Jamie*
*Mendez, and Robert Weitzel*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of June, 2020, a copy of the foregoing instrument was filed electronically with the Court's electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Defendants have sent a courtesy copy of this filing by U.S. Mail on the 19th day of June 2020, to pro se witness George Rogers, 4048 Tralee Drive, Lake Wales, FL 33859.

*/s/ Jennifer A. McHugh*
Jennifer A. McHugh, Esq.

*Counsel for Defendants, City of Napoleon,*
*Nicholas Evanoff, David Steward, Jamie*
*Mendez, and Robert Weitzel*

487137

10