UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jascha Chiaverini, et al.,            Case No. 3:17-cv-2527

       Plaintiffs,

     v.                                         MEMORANDUM OPINION
                                                 AND ORDER

City of Napoleon, et al.,

       Defendants.

## I.    INTRODUCTION

On November 16, 2017, Plaintiffs Jascha Chiaverini and Chiaverini, Inc., filed a Complaint in the Henry County, Ohio Court of Common Pleas. (Doc. No. 1-1). Defendants City of Napoleon, Nicholas Evanoff, David Steward, Jamie Mendez, and Robert Weitzel (collectively, "City Defendants") removed the matter to this Court based on federal question jurisdiction because Plaintiffs' Complaint alleged, among other things, constitutional violations under 42 U.S.C. § 1983. (Doc. No. 1).[1] Currently before me is the City Defendants' motion for sanctions against Plaintiffs'

---

[1] Defendants David and Christina Hill consented to the City Defendants' removal of the case to this court, (*see* Doc. No. 1-2), but have otherwise not participated in the litigation. The Henry County, Ohio Common Pleas Court docket (Case No. 17CV0126) denotes service of the Complaint upon David Hill on December 1, 2017, and upon Christina Hill on December 23, 2017. Neither of the Hill Defendants entered an answer or otherwise responded to the Complaint. Plaintiffs requested default judgment against the Hill Defendants on January 18, 2019, (Doc. No. 54), but I denied the motion without prejudice for failure to comply with Fed. R. Civ. P. 55(a). (Doc. No. 55). Practically speaking, the Complaint does not allege any counts for relief against the Hill Defendants.

counsel arising from allegedly misleading statements Plaintiffs' counsel made to a City of Napoleon third-party vendor in order to obtain information about this lawsuit. (Doc. No. 74).

## II. BACKGROUND

Civica CMI is a third-party company which maintains and services the Authority RMS software program, a digital case management system utilized by the Napoleon Police Department. During the course of this litigation, issues have arisen concerning certain police reports, and subsequent edits to those police reports, which are all maintained within the Authority RMS system.

On October 4, 2019, Napoleon Police Chief Dave Mack was contacted by Michael Wick, an employee of Civica CMI, regarding a phone call from attorney Matthew Hutchinson the day before. (Doc. No. 74-2). Mr. Hutchinson allegedly represented during that phone call that he was calling on behalf of the Napoleon Police Department. (*Id.*; *see also* Doc. No. 74-1). It was also alleged Mr. Hutchinson stated that he was updating the City's policies and procedures regarding change logs and that he was not calling regarding an active case. (Doc. No. 74-1). There is no recording of this phone call. (Doc. No. 74-2).

The City Defendants allege Mr. Hutchinson's conduct, including misrepresenting his affiliation with the City of Napoleon and concealing his role as an opposing attorney, are sufficient bad faith conduct to justify sanctions. They also cite to Ohio's Rules of Professional Conduct 4.1(a) and 8.4(c) as the basis for these sanctions. As a remedy, the City Defendants request a ruling that "evidence related to the update or addition of information to the narrative supplement to the police report created using the subject software be excluded" and reimbursement of fees expended in raising and defending the sanctions request. (Doc. No. 74 at 8-9).

Mr. Hutchinson argues he was simply misunderstood by the Civica CMI employee and did not represent he was calling on behalf of the City of Napoleon; instead, he asserts he was calling about Napoleon's software capabilities in general. (Doc. No. 76). Mr. Hutchinson argues he

correctly identified himself, his occupation, and his contact information which is inconsistent with misrepresenting his identity for a nefarious purpose. (*Id.* at 8-10).

### III. STANDARD OF REVIEW

A court has the inherent authority to sanction bad faith conduct, as well as conduct that is "tantamount to bad faith." *Metz v. Unizan Bank,* 655 F.3d 485, 489 (6th Cir. 2011). Bad faith typically involves conduct that is intentional or reckless. *Plastech Holding Corp. v. WM Greentech Auto. Corp.,* 257 F.Supp.3d 867, 872 (E.D. Mich. 2017) (citing *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)). "Harassing the opposing party, delaying or disrupting litigation, hampering the enforcement of a court order, or making improper use of the courts are all examples of the sorts of conduct that will support a finding of bad faith or improper purpose." *BDT Prods., Inc. v. Lexmark Int'l, Inc.,* 602 F.3d 742, 754 (6th Cir. 2010). "[I]n deciding the nature and extent of sanctions to impose, the district court is given wide discretion." *INVST Fin. Grp. v. Chem-Nuclear Sys.*, 815 F.2d 391, 401 (6th Cir. 1987).

### IV. ANALYSIS

After reviewing the parties' arguments and affidavits, I conclude Mr. Hutchinson's actions do not justify the imposition of sanctions. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) ("Because of their very potency, inherent powers must be exercised with restraint and discretion."). Mr. Hutchinson's decision to make an independent inquiry to Civica CMI, while questionable considering the variety of other options available to him to discover this information, was not, on its own, prohibited. Thus, for Mr. Hutchinson's actions to rise to the level of bad faith, I must be able to conclude he made affirmative misrepresentations to Civica CMI regarding his relationship with the City of Napoleon and the purpose of his inquiry.

Civica CMI has confirmed there is no recording of the phone call at issue and therefore, I am left with opposing contentions without further substantiation. Mr. Hutchinson argues his

interaction with the Civica CMI representative is nothing more than a miscommunication. That is certainly a plausible explanation, as anyone who has played the classic children's game "Telephone" knows, what one says is not always what another hears.

While the City Defendants are no doubt correct in their assertions regarding the importance of "care and clarity" in interactions between attorneys and third-parties, (Doc. No. 78 at 4), the City Defendants themselves concede the possibility of a misunderstanding. (*See id.* at 3 ("Ms. Hill has no reason to be less than truthful about what she heard and the impression it created."); *id.* at 4 ("Mr. Hutchinson's communications with Civica CMI had the effect of misrepresenting his role and purpose . . . .") (emphasis added)).

Without more definitive evidence of bad faith, I cannot conclude this is one of those "especially egregious cases" warranting sanctions. *Malibu Media, LLC v. Doe*, No. 1:14-cv-493, 2016 WL 124687, at *2 (S.D. Ohio Mar. 30, 2016); *see also Brim v. Galloway*, No. 2:10-CV-64, 2011 WL 1103126, at *5 (W.D. Mich. Mar. 23, 2011) (declining to award sanctions where movant did not provide sufficient evidence to prove statements were misleading). Nevertheless, I strongly encourage Mr. Hutchinson to exercise greater caution and restraint moving forward, as I will view any similar scenarios in the future within the context of the events underlying the City Defendants' motion.

## V. Conclusion

Accordingly, I deny City Defendants motion for sanctions. (Doc. No. 74).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

4