UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jascha Chiaverini, et al.,                          Case No. 3:17-cv-2527

           Plaintiffs,

     v.                                              MEMORANDUM OPINION
                                                         AND ORDER

City of Napoleon, et al.,

           Defendants.

## I.     Introduction

On November 16, 2017, Plaintiffs Jascha Chiaverini and Chiaverini, Inc., filed a Complaint in the Henry County, Ohio Court of Common Pleas. (Doc. No. 1-1). Defendants City of Napoleon, Nicholas Evanoff, David Steward, Jamie Mendez, and Robert Weitzel removed the matter to this court based on federal question jurisdiction because Plaintiffs' Complaint alleged, among other things, constitutional violations under 42 U.S.C. § 1983. (Doc. No. 1).[1] Defendants have moved for summary judgment. (Doc. No. 96). Plaintiffs attached to their opposition brief two affidavits to support their position. (Doc. Nos. 102-17 & 102-19). Defendants moved to strike

---

[1] Defendants David and Christina Hill consented to the Defendants' removal of the case to this court, (*see* Doc. No. 1-2), but have otherwise not participated in the litigation. The Henry County, Ohio Common Pleas Court docket (Case No. 17CV0126) denotes service of the Complaint upon David Hill on December 1, 2017, and upon Christina Hill on December 23, 2017. Neither of the Hill Defendants entered an answer or otherwise responded to the Complaint. Plaintiffs requested default judgment against the Hill Defendants on January 18, 2019, (Doc. No. 54), but I denied the motion without prejudice for failure to comply with Fed. R. Civ. P. 55(a). (Doc. No. 55). Practically speaking, the Complaint does not allege any counts for relief against the Hill Defendants.

some or all of these affidavits. (Doc. Nos. 108 & 109).[2] Plaintiffs opposed, (Doc. Nos. 113 & 124), and Defendants replied. (Doc. Nos. 127 & 128).

## II. STANDARD OF REVIEW

"In order to be considered by a court on a motion for summary judgment, an affidavit must satisfy three formal requirements: (1) it shall be made on personal knowledge; (2) it shall set forth such facts as would be admissible in evidence at the time of trial; and (3) it shall show affirmatively that the affiant is competent to testify to the matters stated [therein]." *Giles v. Univ. of Toledo*, 241 F.R.D. 466, 469 (N.D. Ohio 2007) (citing Fed. R. Civ. P. 56(c)) (internal quotation marks omitted). Further, affidavits in support of summary judgment cannot be based upon "belief," as this does not satisfy the personal knowledge requirement. *Totman v. Louisville Jefferson Cnty. Metro Gov't,* 391 F.App'x 454, 464 (6th Cir. 2010). It is within the court's discretion to differentiate "between knowledge and belief for each averment in the affidavit." *Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015). "[W]hen an affidavit is partially admissible and partially inadmissible, the district court must reject only those parts that are inadmissible." *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 593 (6th Cir. 2009). But where the court cannot differentiate between knowledge and belief, the court must strike the affidavit in its entirety. *Ondo*, 795 F.3d at 605.

## III. ANALYSIS

### A. MOTION TO STRIKE AFFIDAVIT OF GEORGE ROGERS

Defendants first move to strike all or part of George Rogers' affidavit, (Doc. No. 102-19), which was attached in support of Plaintiffs' opposition to the motion for summary judgment. (Doc. No. 108). They allege his affidavit is replete with averments outside his personal knowledge, that

---

[2] Plaintiffs also filed an "Objection to the calumny published in [Defendants' reply in support of motion to strike affidavit of George Rogers]", (Doc. No. 129), which the Defendants opposed. (Doc. No. 130).

contradict prior sworn testimony, and are otherwise improper because they involve personal speculation or speak to legal conclusions. (*Id.*).[3]

### 1. Chiaverini, Inc. (Section 1)

The Defendants argue the entirety of this section should be stricken as it is not based on Rogers' personal knowledge. (Doc. No. 108 at 5-12). Plaintiffs argue Rogers has personal knowledge because he filed the incorporation documents and has served as legal counsel for Chiaverini, Inc. (Doc. No. 124 at 2). Further, Plaintiffs argue the history of Chiaverini, Inc., and its licensure status are immaterial to summary judgment, so Defendants' motion is moot. (*Id.* at 3). Neither of Plaintiffs' arguments are persuasive.

As Defendants argue, Rogers' affidavit lacks many basic foundational averments which affect the admissibility of his affidavit. At no point in Section 1 does Rogers attest to his corporate position or employment relationship with Chiaverini, Inc, either at present or any point in the past; nor are there allegations regarding the duration of his relationship with Chiaverini, Inc.

He does aver he signed an "acknowledgement" on behalf of Chiaverini, Inc., in 2013, and reference to the document shows he signed the document in his secretarial capacity. (*See* Doc. No. 102-19 at 8). Setting aside for now any foundational or authentication issues with this document, it does not establish Rogers' present relationship with Chiaverini, Inc., nor does it establish a historical knowledge of all of Chiaverini, Inc.'s corporate affairs from 1986 to present. At best, this document establishes Rogers' personal knowledge of events surrounding this "acknowledgment" in 2013.

Further, Rogers does not identify himself, or any other individual, as the custodian of Chiaverini, Inc.'s corporate records, despite Rogers' attestation that his knowledge was based upon his review of such records. *AT & T Corp. v. Overdrive, Inc.*, No. 1:05CV1904, 2006 WL 3392746, at

---

[3] The content of Rogers' affidavit is separated into four sections, each of which will be addressed separately. Rogers' affidavit is not otherwise numbered.

*3 (N.D. Ohio Nov. 21, 2006) (to apply the hearsay exception in Fed R. Evid. 803(6) an affiant must satisfy certain foundational requirements).  Applying the reasoning of *AT&T* to this case, Rogers "does not specifically establish that any particular exhibit was made in the course of regularly conducted business activity, or that such documents were kept in the regular course of that business, or that the regular practice of [here, Chiaverini, Inc.] was to have made such a record, or that the exhibits were made by a person with knowledge of the transaction or from information transmitted by a person with such knowledge."  *Id.*  Rogers' affidavit lacks all these foundational elements and as such, he is not competent to testify on the basis of Chiaverini, Inc.'s business records.

Because of the absence of that competency, I strike all portions of Section 1 that are not based upon Rogers' personal knowledge, specifically paragraphs 1, 2, 3, and 6.  These portions of the affidavit are based upon inadmissible hearsay and unauthenticated business records.  Paragraphs 4 and 5 are based on Rogers' personal knowledge, not his review of business records, and except to the extent noted below, are admissible.

Defendants also challenge the inclusion of legal conclusions in the affidavit.  For example, in paragraph 5, Rogers states "that since Chiaverini, Inc. was exempt per statutory requirements, that there was no need to continue with an actual license."  (Doc. No. 102-19 at 1).  Similarly, the other alleged legal conclusion relates to Rogers' interpretation of the effect of certain legal documents.  To the extent Plaintiffs seek to assert a definitive legal conclusion via Rogers' affidavit, as opposed to explaining Roger's legal advice as background context for why certain actions were taken, these also will be excluded from my consideration.  *See Alpha Cmty. Servs., Inc. v. Boas*, No. 1:05 CV 1474, 2006 WL 8446743, at *11 (N.D. Ohio Mar. 8, 2006) ("Legal conclusions in affidavits may not be considered on summary judgment."); *see also Berent v. Kemper Corp.,* 780 F.Supp. 431, 440 n.11 (E.D. Mich. 1991), *aff'd,* 973 F.2d 1291 (6th Cir. 1992) ("[H]is 'opinion' is not offered to assist a trier of fact in determining a fact in issue, but rather is a purely 'legal opinion' offered as assistance to the

Court for determining the law – legal matters are *never* matters for the triers of fact.") (emphasis in original).

### 2. Events Relating to the Arrest and Jailing of Jascha Chiaverini (Section 2)

In the first paragraph of Section 2, to the extent Rogers is attempting to assert a legal opinion that the language of the 'hold letter' was contradictory and incorrect, such statement is an inadmissible legal opinion. *See Alpha Cmty. Servs., Inc.,* 2006 WL 8446743, at *11. But I will permit its consideration for the limited purpose of providing background regarding the basis of Rogers' advice to Jascha and Chiaverini, Inc.

The final two sentences of paragraph 2 are inadmissible hearsay pursuant to Federal Rule of Evidence 801. These sentences assert nothing more than Rogers' belief based on information shared with him after the fact, as both meetings occurred outside of his physical presence. These sentences are stricken from the affidavit.

The entirety of paragraph 3 is stricken. The assertions Rogers made in this paragraph are inadmissible as hearsay and impermissible legal opinion. The assertions in the first and third sentences are based on statements told to him by Jascha or others (or, in the case of the first sentence, allegedly not told to him) and thus are hearsay. Further, Rogers' statements in the second sentence about what capacity Jascha acted in and the potential for conflicts of interest are impermissible legal opinions.

The entirety of paragraph 4, which begins with Rogers' declaration of his "opinion," also is stricken as inadmissible legal opinion and improper expert testimony. *See Gilliam v. Norfolk S. Ry. Co.,* No. 1:18-CV-700, 2020 WL 7769811, at *2 (S.D. Ohio Dec. 30, 2020) (declining to consider affidavit that addresses issue of law reserved for the court); *see also Freeport-McMoran Res. Partners Ltd. P'ship v. B-B Paint Corp.*, 56 F.Supp.2d 823, 833 (E.D. Mich. 1999) (noting expert testimony must always meet *Daubert* standards of both relevance and reliability).

5

Rogers purports to offer an opinion that the Napoleon Police Department's investigation into the licensure issue was inadequate on the basis of his prior experience as a City Attorney and Assistant County Prosecutor. (*See* Doc. No. 102-19 at 2). There is no basis for Rogers to be accepted as an expert in this matter pursuant to Federal Rule of Evidence 702. He identifies no personal experience, training, or education as a police officer or law enforcement investigator that would serve as basis for his purported opinion. Nor does he identify any published literature or authority that supports his opinion that the police investigation was lacking. *See Freeport-McMoran*, 56 F.Supp.2d at 834 (excluding expert opinion where "[proposed expert] is unable to substantiate his conclusions with any source other than his own 'experience.'").

### 3. Post Dec. 2, 2016 Search and Seizure and Arrest (Section 3)

Aside from paragraphs 2-5 to which Defendants do not object, every other paragraph in Section 3 is interspersed with Rogers' legal opinions or his personal assumptions and speculations based on hearsay. (*See* Doc. No. 102-19 at 2-3). Many of these assumptions and speculations are based on Rogers' interpretation of unattached and unauthenticated documents. (*Id.*).

For example, unattached and unauthenticated documents are the basis for some or all of Rogers' assertions in paragraphs 1, 6-9, and 11-13. Rogers' attestations regarding the contents of these unidentified documents are hearsay. *See, e.g., Hamby v. Setler-Logan*, No. 3:12-0056, 2013 WL 1835761, at *2 (M.D. Tenn. Mar. 12, 2013) ("Unsworn or unauthenticated documents are inadmissible hearsay, and may not be considered by the Court in ruling on a motion for summary judgment."); *Piatt v. Warden, SOCF*, No. 1:08cv415, 2009 WL 700706, at *3 (S.D. Ohio Mar. 13, 2009) ("If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit."). To the extent Rogers' affidavit at paragraphs 1, 6-9, and 11-13 attests to facts already in the documentary record, I will rely upon the authenticity of those

6

admitted records and make my own interpretation of their contents without reference to Rogers' personal opinion as to what they demonstrate.

Further, as to paragraphs 8 and 10, which speak to the events and rulings at the preliminary hearing, I will rely upon the transcript of the preliminary hearing as the best evidence of this proceeding rather than Rogers' personal interpretation.

### 4. Exhibits Used in Depositions in Replevin Case (Section IV)

This averment attempts to introduce 32 exhibits from depositions taken in the state replevin action as support for the motion for summary judgment. (Doc. 102-19 at 4). Plaintiffs have provided no justification for introduction of these exhibits in this manner. Not only does the affidavit fail to include all the exhibits it purports to introduce, but the exhibits that are included lack any identifying characteristics - no exhibit stickers, no averments as to in which deposition they were introduced, and no associated case numbers. (*See* Doc. No. 102-19 at 5-10).

Plaintiffs' counsel argues that all the relevant depositions have already been admitted, so admitting these exhibits serves only to complete the record. (*See* Doc. No. 124 at 3). Yet Plaintiffs' counsel has not made any effort to identify at which points on the docket these alleged exhibits have already been otherwise admitted. Without more, I cannot accept unidentified, unauthenticated documents, to which Rogers has averred no personal knowledge, into the record as evidence. *See Alexander v. Caresource*, 576 F.3d 551, 558 (6th Cir. 2009) (holding unauthenticated documents do not meet the requirements of Rule 56(c) and must be disregarded by the court in deciding summary judgment). Section 4 of Rogers' affidavit, including the purported exhibits 1-32, is stricken.

In sum, paragraphs 1, 2, 3, and 6 of Section 1 are stricken from the affidavit as inadmissible hearsay. Paragraphs 4 and 5 of Section 1 will remain intact with the understanding that I will not consider any inadmissible legal conclusions made therein but will only consider Rogers' statements to the extent they are made to establish necessary background context.

Paragraph 1 of Section 2 will remain intact with the understanding that I will not consider any inadmissible legal conclusions made therein but will only consider Rogers' statements to the extent they are made to establish necessary background context. The final two sentences of paragraph 2 of Section 2 are stricken as inadmissible hearsay. And the entirety of paragraphs 3 and 4 of Section 2 are stricken as inadmissible hearsay, inadmissible legal opinion, or improper expert testimony.

Paragraphs 2-5 of Section 3 remain intact. Paragraphs 1, 6-9, and 11-13 are stricken as inadmissible hearsay or legal opinion. To the extent, paragraphs 1 and 6-13 attest to facts already in the record, I will rely upon the authenticated, admitted records to make my own interpretations without reference to Rogers' affidavit.

The entirety of Section 4 is stricken from the affidavit.

### B. **Motion to Strike Portions of Jascha Chiaverini's Affidavit (Doc. No. 109)**

Defendants also challenge portions of Jascha Chiaverini's affidavit, (Doc. No. 102-17), submitted in support of Plaintiffs' opposition to Defendants' summary judgment motion.

#### 1. Paragraph 12

The legal opinions expressed in the first, second, and fourth sentences of paragraph 12 are stricken because they are neither based on personal knowledge nor are matters about which Jascha is competent to testify, but rather are legal conclusions based only on Jascha's beliefs. *See, e.g., Alpha Cmty. Servs., Inc.,* 2006 WL 8446743, at *11; *Giles v. Univ. of Toledo*, 241 F.R.D. 466, 470-71 (N.D. Ohio 2007) (excluding affiant's legal conclusions).

The remaining attestations in paragraph 12 are nothing more than Jascha's personal beliefs about the Hill Defendants. Not only do I fail to see the relevance in these attestations, but they are based on information outside Jascha's personal knowledge. *Giles*, 241 F.R.D. at 469 ("In order for inferences, thoughts, and opinions to be properly included in a Rule 56 affidavit, they must be

8

premised on firsthand observations or personal experience, and established by specific facts."). Further, Jascha failed to include authenticated documents to support the factual assertions made in these remaining sentences, and as such, they are inadmissible hearsay. *See Piatt,* 2009 WL 700706, at *3. Accordingly, paragraph 12 is stricken.

### 2. Paragraphs 3 and 14

Defendants challenge portions of paragraph 3 and 14 because the terminology used, such as "official", "as required by law", "accepted", and "valid", imply legal compliance by Jascha. (Doc. No. 109 at 6).

To the extent these statements seek to make a legal conclusion, they are inadmissible and I will not consider them. *Gilliam,* 2020 WL 7769811, at *2. But, excluding Jascha's legal conclusions, I will consider these statements to the extent they speak to facts within Jascha's personal knowledge. Thus, I will consider that the Diamond & Gold Outlet has used the same "buy card" for the past 20 years (paragraph 3) and that Jascha did not receive any further letters from the Napoleon Police Department related to the jewelry at issue (paragraph 14).

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to strike the affidavit of George Rogers, (Doc. No. 108), is granted in part, and denied in part. Further, Defendants' motion to strike portions of Jascha Chiaverini's affidavit, (Doc. No. 109), is also granted in part, and denied in part.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

9