UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jascha Chiaverini, et al.,                                          Case No. 3:17-cv-2527

          Plaintiff,

    v.                                                             ORDER

City of Napoleon, et al.,

          Defendant.

On March 18, 2025, I issued an Order deferring adjudication of Plaintiffs' counsel's motion to withdraw. (Doc. No. 150). In part, I ordered: "Should Plaintiffs seek to retain new counsel, they shall do so no later than May 1, 2025." (*Id.*).

The next day, March 19, 2025, Plaintiffs filed a "Notice to the Court and Clerk RE Termination of Matthew Hutchinson as Counsel for Plaintiffs." (Doc. No. 151). This document was not filed by Plaintiffs' counsel. Instead, it was signed by Plaintiff Jascha Chiaverini on his own behalf and by George C. Rogers acting as representative of Plaintiff Chiaverini, Inc. (*See id.* at 2). Through it, these two individuals seek to not only terminate Hutchinson as counsel on this case, but also "approve" the withdraw of attorneys Michael H. Stahl and William V. Stephenson as Plaintiffs' counsel. (*Id.*).

At the outset, I address George C. Rogers's signature on this document as "Rep." of Chiaverini, Inc. Presumably, this is the same George C. Rogers who previously represented

Chiaverini, Inc. as legal counsel before voluntarily withdrawing in the face of Defendants' motion to disqualify him.[1] (*See* Doc. Nos. 49, 59, and 61).

While Plaintiffs' March 19, 2025 Notice does not state Rogers seeks to rescind his withdraw and again represent Chiaverini, Inc. as legal counsel, he could not represent it in any other capacity in this case because it is well-settled that "the law permits corporations . . . to appear in federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 195 (1993). Conversely, because Rogers previously withdrew as counsel, I decline to consider his signature on this Notice to constitute a re-entry of appearance, particularly in light of the circumstances under which he withdrew.

More importantly, it is not clear to me that Rogers is currently admitted to practice in the Northern District of Ohio. The only bar number associated with his Northern District of Ohio registration is an Ohio bar number, and the Supreme Court of Ohio currently lists Rogers's status as "inactive," meaning he may not practice law in Ohio or hold himself out as authorized to practice law in Ohio. *See* Ohio Gov. Bar. R. VI, § 5 (B). Unless Rogers can show he is currently "active" in the highest Court of another state or territory or the District of Columbia, he will be considered as "inactive" by this Court as well.

Because I do not consider this Notice to satisfy a showing of new counsel for either Plaintiff, I affirm my previous Order. (Doc. No. 150). Should Plaintiffs wish to be represented by new legal counsel, they must retain new counsel as soon as practicable but no later than May 1, 2025, as any new counsel must file a motion to substitute counsel on or before May 1, 2025. If Plaintiffs are unable to secure new counsel by this date, Plaintiffs' current counsel shall file a status report by this date.

---

[1] In light of Rogers's notice of withdrawal as counsel, I denied Defendants' motion as moot rather than deciding it on the merits, even though the motion was fully briefed at that time. (Doc. No. 61; *see also* Doc. Nos. 49, 56, and 58).

Finally, with respect to attorney Matthew Hutchinson, I note that he has not joined the motion to withdraw of Michael H. Stahl and William V. Stephenson, (Doc. No. 149) or filed his own motion to withdraw, but also has filed nothing to defend himself against the allegations raised in the March 19, 2025 Notice. Because of this inaction in both regards, I now order Hutchinson to file either a motion to withdraw as counsel or show cause as to why he should not be terminated as Plaintiffs' counsel by April 18, 2025.

So Ordered.

                                                     s/ Jeffrey J. Helmick
                                                     United States District Judge